■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE LEE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered September 24, 1982, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence as a second felony offender.

Judgment affirmed.

We find no merit to the defendant's claims that he was tried without a valid indictment. The record discloses that the case was presented to a Grand Jury in October 1981, but that the defendant was not indicted until December 30, 1981. His release earlier that month was not due to the dismissal of any indictment but due to the requirement of CPL 190.80 that a

defendant be released if he has been confined for more than 45 days without any Grand Jury action.

During the trial, some of the prosecutrix's comments during her cross-examination of the defendant and during summation, concerning the defendant's motive for the assault, had dubious factual foundation and would have been better left unsaid. However, these comments did not operate to deprive the defendant of a fair trial, both because the remarks were isolated within an otherwise proper presentation and because the evidence of guilt was overwhelming.

The defendant was properly sentenced as a second felony offender. He admitted the prior conviction and did not challenge its constitutionality. He only claimed that the conviction was not for a felony. The record is clear that the prior conviction, rendered on May 9, 1974, was for attempted possession of a weapon, to wit, a loaded shotgun. The crime of possession of a weapon was a class D felony in 1974 (see, Penal Law former § 265.05 [2], repealed L 1974, ch 1041, § 2), and remains so classified under the Penal Law, as amended, as criminal possession of a weapon in the third degree (see, Penal Law § 265.02 [4], added L 1974, ch 1041, § 3). An attempt to commit this offense was, and remains, a class E felony (see, Penal Law § 110.05 [6]), and the defendant was so advised at the time of his guilty plea in 1974. All the allegations necessary for a finding that the defendant was a second felony offender were thus established and a hearing was not required (see, CPL 400.21 [4], [5]).

We have examined the defendant's remaining contentions and have found them to be without merit. Mangano, J. P., Gibbons, Lawrence and Kunzeman, JJ., concur.